UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROY R.[1],

      Plaintiff,

v.                                                                   6:23-CV-6310 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## DECISION AND ORDER

Plaintiff Roy R. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 7–1, 8. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI") filed on February 2, 2021.[2] Tr. 192–96.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 154–57. Following the hearing, at which Plaintiff was represented by counsel, ALJ Dory Sutker issued a decision finding that Plaintiff was not disabled. Tr. 15–25. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–6; Dkt. 1.

## LEGAL STANDARDS

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for both SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

2

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing his application on November 17, 2020. Tr. 17.[4] The ALJ also found that Plaintiff suffered from the following severe impairments: intellectual disorder (borderline intellectual functioning) and asthma. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [Plaintiff] should avoid exposure to unprotected heights and dangerous moving machinery; he should not be exposed to extreme temperatures and humidity an[d] should not have concentrated exposure to dust, fumes, odors, gases[,] and other pulmonary irritants[. Plaintiff] can perform simple tasks, but

---

[4] The record reflects that Plaintiff's application for SSI is dated February 21, 2021. Tr. 192.

5

>needs an environment with incidental contact with the general public (i.e.,, [sic] dealing with the public is not part of his job duties, but could tolerate very brief encounters such as passing persons in the hallway). He can maintain conce[ntra]tion, persistence[,] and pace for two-hour blocks of time throughout the workday. He can engage in routine interactions with co-workers and supervisors and he can adapt to routine changes.

Tr. 20.

The ALJ found that Plaintiff had no past relevant work. Tr. 23. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since his application date of November 17, 2020. Tr. 24.

## II.  PLAINTIFF'S ARGUMENT

Plaintiff first argues that the ALJ failed to evaluate the intelligence and psychiatric evaluations performed by Yu-Ying Lin, Ph.D. ("Dr. Lin"). Dkt 6–1, at 6–10. Second, he argues that the ALJ failed to reconcile limitations he found persuasive from Adam Brownfeld, Ph.D., ("Dr. Brownfeld"). *Id.* at 11–13. For the reasons below, Plaintiff's arguments lack merit.

## III.  ANALYSIS

### A.  Dr. Lin's Intelligence and Psychiatric Evaluation

The ALJ was not obligated to consider Dr. Lin's evaluations because it was out of the scope of the relevant time period. *Wilson v. Comm'r of Soc. Sec.*, 2016 WL 4384334, at *15 n.7 (E.D.N.Y. Aug. 16, 2016) ("ALJ was not required to evaluate [physician's] opinions because they predated the relevant time period in this case").

6

The relevant time period is defined as "the date the SSI application was filed, to . . . the date of the ALJ's decision." *Frye ex rel. A.O. v. Astrue,* 485 F. App'x 484, 485 n. 1 (2d Cir. Jun. 13, 2012). The evaluations performed by Dr. Lin are dated April 8, 2015, over five years before Plaintiff's SSI application was filed. Tr. 276.[5] "An ALJ is generally only required to consider evidence dating one year before an application is filed." *Tyran v. Comm'r of Soc. Sec.,* 2018 WL 3628252, at *4 (W.D.N.Y. Jul. 31, 2018) (citing 20 C.F.R. § 404.1512(b)(1)(ii) (complete medical history includes the 12 months preceding the month in which the application is filed)); *see also Sabrina L. o/b/o T.L., v. Berryhill,* 2018 WL 6521760, at *9 (W.D.N.Y. Dec. 12, 2018) ("While an ALJ may consider all evidence of record,

---

[5] Plaintiff argues that the ALJ committed an error identical to the one requiring remand in *Parks v. Colvin.,* No. 15-CV-6500, 2017 WL 279558, at *4 (W.D.N.Y. Jan. 23, 2017). *See* Dkt. 6–1, at 10, Dkt. 8, at 1–2. In *Parks,* remand was ordered "because the ALJ failed to follow the Appeals Council's remand order and to comply with the [social security administration's] regulations when he ignored five medical opinions of record." 2017 WL 279558, at *4. Moreover, the error was not deemed harmless because "the omitted medical opinions contradict the ALJ's RFC determination." *Id.* Here, on the other hand, Dr. Lin opined that Plaintiff could follow and understand simple directions and instructions; maintain a regular schedule; perform complex tasks, but with supervisors; perform simple tasks independently; was moderately limited in maintaining attention and concentration; moderately to markedly limited in making appropriate decisions and relating adequately with others; and moderately to markedly limited in appropriately dealing with stress. Tr. 282. These limitations are not in conflict with the ALJ's ultimate RFC determination limiting Plaintiff to simple tasks; incidental contact with the general public; maintaining concentration, persistence, and pace for two-hour blocks of time throughout the workday; engaging in routine interactions with co-workers and supervisors; and adapting to routine changes. Tr. 20; *see also Charles F. v. Comm'r of Soc. Sec.,* No. 19-CV-01664, 2021 WL 963585, at *3 (W.D.N.Y. Mar. 15, 2021) ("[W]hen an omitted medical opinion contradicts the ALJ's RFC determination, the ALJ's failure to evaluate that medical opinion is not harmless error."). And here, the RFC is supported by substantial evidence in the record. Therefore, *Parks* is inapposite.

7

including medical records and opinions dated prior to the alleged onset date . . . an ALJ is not required to evaluate opinions that pre-date the filing of the application") (internal quotations and citations omitted); *McManus v. Comm'r of Soc. Sec.*, 298 F. App'x 60, 61 (2d Cir. 2008) ("no error in the ALJ's decision to exclude additional evidence proffered by" plaintiff where the "evidence pre-dated the time period the ALJ was required to consider under 20 C.F.R. § 404.1512(d)"). As such, the ALJ was not obligated to consider Dr. Lin's opinions.[6]

## B. Dr. Brownfeld's Consultative Examination

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *accord Schillo*, 31 F.4th at 78. But the RFC need

---

[6] It bears noting that Dr. Lin's opinion was considered by state agency consultants S. Bhutwala, Ph.D., ("Dr. Bhutwala"), and K. Lieber-Diaz, Psy.D., ("Dr. Lieber-Diaz"). Tr. 59–72, 82–91; *see also* SSR 96-6p (state agency medical and psychological consultants are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act"). The ALJ found the opinions of Dr. Bhutwala and Dr. Lieber-Diaz to be "generally persuasive," but further limited Plaintiff's RFC based on "giving [Plaintiff] the benefit of the doubt regarding [his] difficulty maintaining social functioning." *Id.* at 22. *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp.3d 639, 649 (W.D.N.Y. 2020) ("It appears the ALJ credited Plaintiff's testimony that she could not focus and was easily distracted . . . and assessed a more generous limitation of 5% off-task time. The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand."); *Orlando A. v. Comm'r of Soc. Sec.*, 2023 WL 5344934, at *4 (W.D.N.Y. Aug. 21, 2023) ("Moreover, even if the ALJ erred with respect to Dr. Siddiqui's opinion, Plaintiff fails to demonstrate prejudice warranting remand . . . . The ALJ's assessment of physical limitations more restrictive than Dr. Siddiqui identified is not a basis for remand . . . ."). Thus, "[e]ven assuming there was legal error, any such error was harmless insofar as the ALJ's omission could have no effect on the ultimate RFC assessment." *Stevenson v. Berryhill*, 2017 WL 2349733, at *3 (W.D.N.Y. May 31, 2017).

not correspond perfectly with "any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order). As long as the ALJ considers all of the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not erroneous. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On March 18, 2021, Dr. Brownfeld completed a psychiatric evaluation, and opined, among other things, that Plaintiff's attention and concentration skills were impaired due to limited intellectual functioning. Tr. 286. Dr. Brownfeld noted that Plaintiff's intellectual functioning appeared to be in the borderline range, and that his general fund of information was limited. *Id.* Dr. Brownfeld determined that there was "[n]o evidence of [any] limitation in [Plaintiff's] ability to understand, remember, or apply simple directions and instructions[;] interact adequately with supervisors, co-workers, and the public[;] regulate emotions, control behavior, and maintain well-being[;] maintain personal hygiene and appropriate attire[;] and [in his] awareness of normal hazards and taking appropriate precautions." Tr. 287. Dr. Brownfeld additionally opined that Plaintiff was "[m]oderately limited in [his] ability to use reason and judgment to make work-related decisions[;] understand,

9

remember, or apply complex directions and instructions[;] sustain concentration and perform a task at a consistent pace[;] and sustain an ordinary routine and regular attendance at work." *Id.* The ALJ found Dr. Brownfeld's opinion to be persuasive, noting that he "is a medical source who examined [Plaintiff] and had an opportunity to observe him, giving Dr. Brownfeld special knowledge of [Plaintiff], and insight into the extent of his impairments and ability to function." Tr. 23.

Plaintiff's argument that the ALJ's RFC determination conflicts with Dr. Brownfeld's moderate limitations in sustaining concentration and performing tasks at a consistent pace lacks merit. Dkt 6–1, at 12. *Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp.3d 389, 401 (W.D.N.Y. 2018) (ALJ's RFC limiting the claimant to simple, routine work was fully consistent with moderate limitations in concentration, persistence, and pace). The Second Circuit has repeatedly held that moderate limitations in concentration, persistence, and pace "do not preclude an individual's ability to perform unskilled work." *Rivas v. Berryhill,* 2018 WL 4666076, at *15 (S.D.N.Y. Sep. 27, 2018). The ALJ's RFC determination, limiting Plaintiff to performing simple tasks and maintaining concentration, persistence, and pace for two-hour blocks throughout the workday, is consistent with Dr. Brownfeld's moderate limitations in sustaining concentration and performing tasks at a consistent pace. *See Valdes-Ocasio v. Kijakazi,* 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (summary order) (rejecting plaintiff's claim that her moderate limitations in concentration and attendance-related areas required more detailed limitations in the ALJ's RFC, where the RFC already limited plaintiff to

understanding, remembering, and carrying out simple instructions, involving routine and repetitive tasks); *Johnson v. Berryhill,* 2018 WL 4539622, at *6 (W.D.N.Y. Sep. 21, 2018) ("Contrary to Plaintiff's argument, the ALJ included significant mental limitations in the RFC finding, including limiting Plaintiff to simple, routine tasks—a limitation which accounts for Dr. Baskin's findings regarding Plaintiff's difficulties in maintaining attention and concentration, performing complex tasks, and learning new tasks.")

Additionally, "the ALJ's limitation of Plaintiff to simple, routine tasks" can "account for [Plaintiff's] limitations for performing activities within a schedule and maintaining regular attendance." *Shannon v. Berryhill,* 2018 WL 6592181, at *3 (W.D.N.Y. Dec. 13, 2018) (internal quotations and citations omitted); *see also Landers v. Colvin,* 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) ("The determination that Plaintiff is limited to 'simple, repetitive, and routine tasks' accounts for Plaintiff's limitations as to maintaining attention and concentration, performing tasks within a schedule, and maintaining regular attendance.").

In sum, the ALJ's RFC determination limiting Plaintiff to simple tasks and routine work changes adequately accounts for Dr. Brownfeld's moderate limitations in sustaining an ordinary routine and regular attendance at work. *Daniel J. v. Kijakazi,* 2022 WL 17177619, at *11 (N.D.N.Y. Nov. 23, 2022) (RFC determination for simple work requiring only simple tasks and instructions was consistent with opinions finding moderate limitations in the claimant's ability to sustain a routine and concentration); *Michael C. v. Berryhill,* 2019 WL 1228553, at *5–6 (N.D.N.Y.

11

Mar. 15, 2019) (ALJ properly accounted for the claimant's moderate limitations in maintaining a regular schedule by providing RFC limitations such as simple, repetitive instructions and limiting the amount of judgment and changes in the work setting).

In general, a plaintiff's RFC is the most he or she can do despite his limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his or her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

An ALJ is not required to "discuss in depth every piece of evidence in the record, so long [as] the evidence of record permits the Court to glean the rationale of the ALJ's decision." *Cichocki v. Astrue,* 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983)). For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 7–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   November 22, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE